IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION


HENRY WILKERSON,                          :

                    Plaintiff,            :    Case No. 3:08cv419

          vs.                             :    JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

                    Defendant.            :

═══════════════════════════════════════════════════════════════

DECISION AND ENTRY ADOPTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #12) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS IN PART TO SAID JUDICIAL
FILING (DOC. #13), TO THE EXTENT HE SEEKS A REMAND FOR THE
PAYMENT OF BENEFITS, RATHER THAN ONE FOR FURTHER
ADMINISTRATIVE PROCEEDINGS, OVERRULED; JUDGMENT TO ENTER
IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFENDANT
COMMISSIONER, VACATING THE COMMISSIONER'S FINDING THAT
PLAINTIFF WAS NOT DISABLED AND, THEREFORE, NOT ENTITLED TO
BENEFITS UNDER THE SOCIAL SECURITY ACT; MAKING NO FINDING
AS TO WHETHER PLAINTIFF WAS UNDER A "DISABILITY" WITHIN THE
MEANING OF THE SOCIAL SECURITY ACT; AND REMANDING THE
CAPTIONED CAUSE TO THE DEFENDANT COMMISSIONER, UNDER
SENTENCE FOUR OF 42 U.S.C. SECTION 405(g), FOR FURTHER
PROCEEDINGS CONSISTENT WITH THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATIONS; TERMINATION ENTRY

═══════════════════════════════════════════════════════════════


     Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On October 13, 2009, the United States Magistrate

Judge filed a Report and Recommendations (Doc. #12), recommending that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act be vacated, making no finding as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act, and remanding the captioned cause to the Defendant Commissioner, under Sentence Four of 42 U.S.C. Section 405(g), for further proceedings. Based upon reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (Doc. #12), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), as well as upon a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, concluding that the Commissioner's decision that Claimant's severe impairments, alone or in combination, did not meet or equal the criteria of an impairment set forth in Listing 12.05C, was not supported by substantial evidence. The Plaintiff's Objections in part to said judicial filing (Doc. #13), to the extent he seeks a remand for the payment of benefits, rather than one for further administrative proceedings, are overruled. Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act, is reversed.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence." 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a <u>de novo</u> review of those recommendations of the report to which objection is made. This <u>de novo</u> review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of the Secretary [now Commissioner] are supported by "substantial evidence." <u>Lashley v. Secretary of Health and Human Services</u>, 708 F.2d 1048, 1053 (6th Cir. 1983); <u>Gibson v. Secretary of Health, Education and Welfare</u>, 678 F.2d 653, 654 (6th Cir. 1982). This Court's sole function is to determine whether the record as a whole contains substantial evidence to support the Commissioner's decision. The Commissioner's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), citing <u>Consolidated Edison Company v. NLRB</u>, 305 U.S. 197, 229 (1938); <u>Landsaw v. Secretary of Health and Human Services</u>, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, <u>supra</u>, at 401; <u>Ellis v. Schweicker</u>, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury.  Foster v. Bowen, 853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do more than create a suspicion of the existence of the fact to be established... [I]t must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury."  LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole.  Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984).  However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility.  Garner, supra.  The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001).  If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a

different conclusion.  <u>Elkins v. Secretary of Health and Human Services</u>, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.      Merely because the Defendant Commissioner's decision of non-disability is not supported by substantial evidence, does not require the conclusion that the record contains sufficient evidence of disability and, therefore, the Plaintiff's claim should be remanded for the payment of benefits.  The task of a District Court, in ruling on an appeal from the finding of non-disability rendered by the Administrative Law Judge, is not to determine whether the record contains substantial evidence of disability; rather, the Court's task is to determine whether the finding of non-disability is supported by substantial evidence.  Having concluded that the finding of non-disability is not supported by substantial evidence, the Court is not free to substitute its own finding that, because the record contains substantial evidence of disability, a remand for the payment of benefits is required.  This is so, even in this matter, where the Magistrate Judge has pointed out a number of factors that the Administrative Law Judge did not consider, Doc. #12 at 19, which, had they been fully considered, would seemingly compel the conclusion that Plaintiff has met Listing 12.05C.  This Court cannot ignore the evidence of Drs. Flexman and Buban which, if considered along with all the relevant evidence in this matter (which

the Administrative Law Judge failed to do) might constitute substantial evidence to conclude that severe impairments, alone or in combination, did not meet or equal the criteria of an impairment set forth in Listing 12.05C. In short, because the Administrative Law Judge failed to consider pertinent evidence, although it was available in the record, this matter must be remanded for further administrative proceedings, given that all essential factual issues have not been resolved and there is no clear entitlement to benefits on the record as it now stands.

2.    Without question, were this Court hearing this matter, *de novo*, as the trier of fact, a remand for the payment of benefits would have been ordered. As tempting as it is to this Court to follow Plaintiff's invitation, set forth in his Objections in part to the Magistrate Judge's Report and Recommendations (Doc. #13), to order such a remand, to do so would constitute an improper weighing of evidence by this Court.

WHEREFORE, based upon the aforesaid, this Court adopts the Report and Recommendations of the United States Magistrate Judge (Doc. #12) in their entirety, having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence. Plaintiff's Objections in part to said judicial filing (Doc. #13), to the extent he seeks a remand for the payment of benefits, rather than one for further administrative proceedings, are overruled. Judgment will

be ordered entered in favor of the Plaintiff and against the Defendant Commissioner,

vacating the Commissioner's decision that Plaintiff was not disabled and, therefore,

not entitled to benefits under the Social Security Act; making no finding as to

whether Plaintiff was under a "disability" within the meaning of the Social Security

Act; and remanding the captioned cause to the Defendant Commissioner and the

Administrative Law Judge, under Sentence Four of 42 U.S.C. Section 405(g), for

further consideration including, but not limited to, the review of Plaintiff's disability

claim under the required 5-Step Sequential Analysis to determine anew whether

Plaintiff was under a disability within the meaning of the Social Security Act and,

therefore, entitled to benefits under said Act, said review to include all pertinent

evidence in the record on whether Plaintiff has met Listing 12.05C.


The captioned cause is hereby ordered terminated upon the docket records of

the United States District Court for the Southern District of Ohio, Western Division,

at Dayton.



 March 5, 2010                    __ ____/s/ Walter Herbert Rice_____
                                    WALTER HERBERT RICE, JUDGE
                                    UNITED STATES DISTRICT COURT

Copies to:

Gary M. Blumenthal, Esq.
John J. Stark, Esq.
Cynthia A. Freburg, Esq.